IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELIOS SOFTWARE, LLC and PEARL SOFTWARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AWARENESS TECHNOLOGIES, INC. and REMOTE COMPUTER OBSERVATION & MONITORING LLC (d/b/a REMOTECOM), <br><br> Defendants. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Helios Software, LLC and Pearl Software, Inc., by and for its Complaint against Awareness Technologies, Inc. and Remote Computer Observation & Monitoring LLC (d/b/a RemoteCOM) (collectively, "Defendants") for infringement of U.S. Patent No. 8,930,535 (the "'535 Patent and/or "Patent-in-Suit") pursuant to 35 U.S.C., allege as follows:

**THE PARTIES**

1. Plaintiff Helios Software, LLC ("Helios") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 64 East Uwchlan Avenue, Suite 230, Exton, Pennsylvania 19341.

2. Plaintiff Pearl Software, Inc. ("Pearl") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 64 East Uwchlan Avenue, Suite 230, Exton, Pennsylvania 19341.

3. Defendant Awareness Technologies, Inc. ("ATI") is a corporation organized under the laws of the State of Delaware and may be served with process through its registered

agent, Lexington Document Services, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Defendant Remote Computer Observation & Monitoring LLC (d/b/a RemoteCOM) is a limited liability company organized under the laws of the State of Texas and may be served with process through its registered agent, Robert Rosenbusch, 3015 Rock Rose Pl., Round Rock, Texas 78665.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code ("U.S.C."). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. This Court has personal jurisdiction over the Defendants under the laws of the State of Delaware, including the Delaware Long-Arm Statute, 10 *Del. Code* § 3104.

7. Each Defendant has conducted and does conduct business within the State of Delaware, directly or through intermediaries or agents, or makes, sells, offers for sale, advertises (including through the provision of interactive Internet web pages) products or services, or uses or induces others to use, in this district, products or services that infringe the Patent-in-Suit.

8. In addition to ATI's continuous and systematic conduct of business in Delaware, the causes of action against ATI in this Complaint arose from or are connected with ATI's purposeful acts committed in Delaware, including ATI's directly infringing, contributorily infringing, or inducing infringement of the Patent-in-Suit by, among other activities, making, selling, offering to sell, and using and inducing others to use software that embodies one or more claims or practices one or more methods claimed in the patent-in-suit.

9. In addition to RemoteCOM's continuous and systematic conduct of business in Delaware, the causes of action against RemoteCOM in this Complaint arose from or are connected with RemoteCOM's purposeful acts committed in Delaware, including RemoteCOM's directly infringing, contributorily infringing, or inducing infringement of the Patent-in-Suit by, among other activities, making, selling, offering to sell, and using and inducing others to use software that embodies one or more claims or practices one or more methods claimed in the patent-in-suit.

10. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this judicial district, and have committed acts of infringement in this judicial district.

### THE PATENT-IN-SUIT

11. On January 6, 2015, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,930,535, titled "Method for Managing Computer Network Access." A true and correct copy of the '535 Patent is attached as Exhibit A. The '535 Patent is valid and enforceable.

12. Helios is the assignee of all right, title, and interest in and to the Patent-in-Suit and possesses all rights of recovery under them, including the exclusive right to recover for infringement, and Pearl holds an exclusive license under the Patent-in-Suit.

### GENERAL ALLEGATIONS

13. Inventors David Fertell ("Fertell") and Joe Field ("Field") pioneered the field of remotely monitoring online computer activity and started Pearl Software, Inc. in 1996. Recognizing how inappropriate material accessible on the Internet presents risks to children, employers, and organizations, Fertell and Field developed efficient and reliable methods of monitoring and controlling Internet activity. Their work received many accolades from the

technical press and civic leaders such as the White House's Internet taskforce. The Patent Office awarded Fertell and Field several patents in the field including the Patent-in-Suit.

14. For years, Pearl Software and Fertell worked hard, expending significant resources to develop the market for Internet activity monitoring and control software in schools, libraries, public organizations, private companies, government and law enforcement agencies and homes. They attended trade shows, spoke at conferences, appeared on television and radio shows, supported Internet safety not-for-profit organizations, published articles and guides about the risks of unmonitored computer access in organizations and at home. As a result of Fertell's and Pearl's efforts, Pearl Software became the industry experts, garnering praise and awards from industry publications such as an Editor's Choice award from PC Magazine.

15. Several years after Pearl Software's products had proven the viability of the market, ATI introduced products intended to compete with Pearl's and incorporating the technology claimed in the Patent-in-Suit.

16. ATI's infringing products, including it InterGuard suite, compete directly with Pearl Software's products and are often compared head-to-head by reviewers.

17. RemoteCOM markets software products and services built upon ATI's infringing software to probation departments and agencies. In addition to selling RemoteCom-branded, ATI-based infringing monitoring software, RemoteCOM trains officers and customer employees how to use the infringing software to monitor computer activities and practice the methods claimed in the Patent-in-Suit. Using the infringing software and methods, RemoteCOM also provides full-service monitoring to customers or in conjunction with customers.

## COUNT I – PATENT INFRINGEMENT

For their cause of action against Defendants, Plaintiffs allege:

18. Plaintiffs incorporate by reference the preceding paragraphs 1-17 as set out fully herein.

19. Defendants have infringed and are currently infringing the Patent-in-Suit, including at least claims 4, 5, 6, and 7, in violation of 35 U.S.C. § 271 by making, having made, using, selling and/or offering for sale, within the United States and Delaware, products and services embodying the inventions claimed in the Patent-in-Suit. ATI's infringing products and services include, by way of example and without limitation, InterGuard/Sonar and WebWatcher.

20. InterGuard/Sonar is the business version of WebWatcher.

21. RemoteCOM rebrands and uses infringing ATI software products or components under agreement with ATI.

22. Upon information and belief, RemoteCOM and ATI have an agreement relating to the making, using, importing into the United States, offering for sale, or selling of software.

23. RemoteCOM's infringing products and services include, by way of example and without limitation, software comprising one or more of the ATI infringing software products or components thereof, and RemoteCOM's monitoring services utilizing the software products or components of ATI infringing software products.

24. InterGuard and WebWatcher are used to control computer network access. "SONAR allows you to block entire categories of websites (such as pornography, gambling sites, time-wasting sites, etc.) so that you can control employee web surfing activity to keep them

5

focused where they should be." (http://www.awarenesstechnologies.com/monitoring-features.html).

25. According to ATI, InterGuard "allows you to control web access on laptops that never connect to your network."

26. InterGuard/WebWatcher monitors and records user activity and sends to a secure server for access by administrators.

27. InterGuard/WebWatcher is installed at the desktop level and reports back over encrypted HTTPS protocols to the ATI Data Center:



28. InterGuard/WebWatcher agents installed at monitored endpoints include information used to monitor, control access, and report back to the ATI Data Center.

29. InterGuard/WebWatcher blocks websites by category, URL, or keyword.

30. InterGuard/WebWatcher agents receive at the monitored endpoint computer from the ATI network primary server an access configuration including a control setting for at least

one communication protocol capable of being utilized during a monitored communication session.  ATI InterGuard/WebWatcher provides a web interface accessible from anywhere and that can be used to control settings of the InterGuard/WebWatcher instance running on the client computer.  Through the web interface an administrator specifies control settings to monitor and block websites, website searches, e-mail, as well as IM clients.

31.     InterGuard/WebWatcher controls conveyance of data to and from the monitored endpoint computer in accordance with control settings specified by an administrator:



32.     ATI indirectly infringes one or more claims of the Patent-in-Suit by contributing to or inducing infringement by others, namely ATI customers using WebWatcher or InterGuard,

7

to use computer software that embodies one or more claims of the Patent-in-Suit or practices one or more claimed methods.

33. Defendants have infringed and are currently infringing the Patent-in-Suit by actively inducing others, namely ATI customers using WebWatcher or InterGuard, to make, have made, use, sell and/or offer for sale, within the United States and Delaware, products and processes embodying the inventions claimed in the Patent-in-Suit, including without limitation the software products and services identified above.

34. Defendants have infringed and are currently infringing the Patent-in-Suit by contributing to the infringement of the Patent-in-Suit by others, including without limitation by providing software products identified above.

35. ATI, and RemoteCOM compete with Pearl Software in the marketplace. ATI has had actual knowledge of the '535 Patent since at least 2014 when Helios Software identified the '535 Patent and Patent Application No. 13/153,931, including the claims as issued, to ATI and RemoteCOM in the course of litigation in this Court. In 2015, Helios Software identified the issued claims.

36. Defendants' infringement of the Patent-in-Suit has been and continues to be willful and deliberate.

37. Plaintiffs have no adequate remedy at law against Defendants' acts of infringement and Defendants' infringement will continue unless enjoined by this Court.

38. Plaintiffs have suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement.

39. Plaintiffs are in compliance with the requirements of 35 U.S.C. § 287.

01:16473233.1

40. Plaintiffs have been damaged by Defendants' infringement, and will continue to be damaged until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Helios and Pearl pray for the following relief:

A. That each Defendant be adjudged to have infringed the Patent-in-Suit, directly and indirectly, literally and/or under the doctrine of equivalents;

B. That each Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the Patent-in-Suit;

C. An award of damages pursuant to 34 U.S.C. § 284 sufficient to compensate Plaintiffs for the Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement;

D. Adjudging that the Patent-in-Suit are valid and enforceable;

E. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F. That Defendants be directed to pay enhanced damages, including Pearl's and Helios's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

G. That Helios and Pearl be granted such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Helios and Pearl demand a trial by jury of any and all issues triable of right before a jury.

| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| Cabrach J. Connor<br>David E. Dunham<br>Jennifer Tatum Lee<br>TAYLOR DUNHAM AND RODRIGUEZ LLP<br>301 Congress Avenue, Suite 1050<br>Austin, TX  78701<br>(512) 473-2257<br>*cconnor@taylordunham.com*<br>*ddunham@taylordunham.com*<br>*jtatum@taylordunham.com* | */s/ Monté T. Squire*<br>Adam W. Poff (No. 3990)<br>Monté T. Squire (No. 4764)<br>1000 N. King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*apoff@ycst.com*<br>*msquire@ycst.com*<br><br>*Attorneys for Plaintiffs Helios Software, LLC and Pearl Software, Inc.* |

Dated: January 6, 2015